IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY MARK ROBINSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 1:07-cv-08024-IPJ-JEO |
| | ) | 1:03-cr-00209-IPJ-JEO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Timothy Mark Robinson initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (07-08024 at Doc. 1).[1] The parties have been afforded a full opportunity to address the merits of the claims and issues presented.

## BACKGROUND

The defendant was charged in May 2003, in two firearms counts alleging that he illegally possessed a sawed-off shotgun after being convicted of felonies in violation of 18 U.S.C. § 922(g) and 26 U.S.C. § 5861(d). (03-0209 at Doc. 1).

The defendant entered into a plea agreement with the United States wherein, among other things, he agreed to waive his "right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255." *Id*. at Doc. 42, p. 6.[2] He then pled guilty on July 7, 2003. *Id*. at Doc. 72. He was sentenced on October 9, 2003, to a total custodial terms of 188 months. *Id*. at Doc. 60, p. 2. The defendant timely appealed the denial of the motion to suppress.

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case. The pleadings from the original criminal case are designated as "03-0209" and the pleadings on the motion to vacate are designated as "07-08024".

[2] The defendant did preserve his right to appeal the denial of his motion to suppress. *Id*.

The denial of the motion to suppress was affirmed by the Eleventh Circuit Court of Appeals on June 18, 2004.  *Id*. at Doc. 74.  A mandate was issued on August 24, 2004.  *Id*.

On August 9, 2007, the defendant filed the present motion to vacate.  Therein, he alleges that he was improperly sentenced as an armed career criminal.  (07-08024 at Doc. 1, p. 3).  On August 13, 2007, he filed a pleading in support of his contention that he was improperly sentenced.  *Id*. at Doc. 3.  The magistrate judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted.  *Id*. at Doc. 4.  The defendant then filed a lengthy pleading captioned as "Habeas Corpus Petition Pursuant to 28 U.S.C. 451, et seq (1940)" and "Affidavit of Timothy Mark Robinson."  *Id*. at Doc. 5.  Therein, he argues that because 28 U.S.C. §§ 2241 and 2255 "were never enacted into positive law, [they] are unconstitutional on the[ir] face, and null and void ab in itio [sic]" (*id*. at pp. 1 & 6); (2) his sentence was improperly enhanced in that it was done without a jury beyond a reasonable doubt finding (*id*. at p. 6); and, (3) the court was without jurisdiction to prosecute any crimes (*id*. at p. 29).

The United States responded that the defendant's motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255.  *Id*. at Doc. 7.  The defendant then filed a "Memorandum of Law with Incorpted [sic] Points and Authorties [sic] in Support of Common Law Writ of Habeus [sic] Corpus Title .U.S.C. [sic] § 2241."  *Id*. at Doc. 10.  Therein, he asserts that (1) his counsel was ineffective in failing to challenge this court's jurisdiction (*id*. at p. 3); (2) the court erred in failing to inquire as to whether it had jurisdiction (*id*. at p. 9); (3) counsel was ineffective in failing to challenge the interstate nexus requirement (*id*. at p. 15); (4) counsel was ineffective in

failing to challenge the authority of the relevant regulatory agency (*id*. at p. 22); (5) counsel was ineffective in failing to challenge the absence of any relevant regulations appearing in the Code of Federal Regulations (*id*. at p. 29); and, (6) counsel was ineffective in failing to challenge the indictment (*id*. at p. 35).

The United States filed a response to the defendant's additional filings. *Id*. at Doc. 12. Therein, the United States asserts that to the extent the present matter includes claims under § 2255, it is due to be dismissed because it is barred by the plea waiver. *Id*. at p. 3. The United States further argues, "To the extent that the Court construes the motion as a habeas corpus petition under 28 U.S.C. § 2241, this Court has no jurisdiction to hear it, as Robinson is incarcerated in Oakdale, Louisiana." *Id*. According to the United States, it must be filed in the district where the petitioner is incarcerated. *Id*. citing *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Lastly, the United States asserts that "[t]o the extent that the Court construes Robinson's latest allegations concerning ineffective assistance of counsel as raising additional grounds for relief under Section 2255, such claims are barred by the statute of limitations." *Id*.

On November 29, 2007, the defendant filed a motion seeking to transfer his "application for . . . habeas corpus" relief to the district where he is presently confined. (Doc. 13).

## DISCUSSION

### Waiver

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered into the plea agreement in this case. That waiver is evidenced by the plea agreement. It was also mentioned at the time of sentencing. (03-0209 at Doc. 67, p. 13).

The Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily.  *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001).  *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing).  Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily.  *Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant.  It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily.  *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal.  *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).  The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

Nothing in the record demonstrates that the defendant's assent to the terms of his plea agreements, including his waiver of his right to pursue relief in a § 2255 motion, was not knowingly, intelligently, and voluntarily made.  Additionally, nothing in the record demonstrates that the defendant did not have the ability to understand his decision to waive his right to file a

4

motion to vacate. Accordingly, the defendant's motion is barred from review by this court.

## Statute of Limitations

Even if the present motion to vacate pursuant to § 2255 was not barred by waiver, it is barred by the statute of limitations. Actions pursuant to § 2255 must be commenced within one-year of the conviction becoming final. 28 U.S.C. § 2255 at ¶ 6. The mandate was entered in this case on August 24, 2004. *See* FED. R. APP. P. 4(b)(1)(A). Because the defendant did not file a petition for certiorari, the conviction became final ninety days later on November 22, 2004. *See Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072 (2003). Accordingly, the defendant had until November 22, 2005, to file his motion. 28 U.S.C § 2255 at ¶ 6. The present motion was not filed until August 2007, which is almost two years after the expiration of the applicable statute of limitations. Accordingly, the defendant's claims are barred from review.

## Section 2241 Consideration

To the extent that the defendant seeks to have the court consider his claims pursuant to § 2241, this court is without authority to do so. Section 2241 petitions must be filed in the district where a prisoner is incarcerated. *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). Accordingly, his claims, if cognizable at all, must be filed in the district where the defendant is confined. Therefore, this matter is due to be dismissed without prejudice to the defendant's right to file the same in the district where he is presently confined.[3]

---

[3] In dismissing this matter without prejudice, the court is not commenting on the merits of the claims or their appropriateness for § 2241 review.

## CONCLUSION

Premised on the foregoing, the defendant's motion (07-08024, doc. 1 & 3) to the extent it seeks to vacate his conviction and sentence pursuant to § 2255 is due to be denied and dismissed with prejudice and to the extent it seeks relief pursuant to § 2241 it is due to be dismissed without prejudice to his right to file the same in the district where he is confined. The defendant's motion for transfer (*id.*, doc. 13) is due to be denied.

**DONE**, this 17th day of December 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE